IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | | |
|---|---|---|
| DUSTIN DEAN DANN, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | 2:14-CV-167 |
| | § | |
| WILLIAM STEPHENS, Director | § | |
| Texas Dep't of Criminal Justice, | § | |
| Correctional Institutions Division, | § | |
| | § | |
| Respondent. | § | |

## REPORT AND RECOMMENDATION TO
## DISMISS PETITION FOR WRIT OF HABEAS CORPUS

On July 22, 2014, petitioner, DUSTIN DEAN DANN, a state prisoner, filed with this Court, a Petition for a Writ of Habeas Corpus by a Person in State Custody. Petitioner's pleadings indicate petitioner is incarcerated pursuant to a 2007 conviction out of the 100th District Court of Childress County, Texas for the crime of engaging in organized criminal activity. Upon being convicted, petitioner received a ten-year probated sentence. Petitioner's probation was revoked on May 6, 2011. For the reasons detailed below, the undersigned recommends the petition be DISMISSED as time barred.

I.
PROCEDURAL BACKGROUND

Petitioner pled guilty pursuant to a plea agreement in state court to the charge of engaging

in organized criminal activity and was given a ten-year probated sentence by a judgment dated September 10, 2007. Petitioner did not seek any post-conviction relief following his initial conviction. On May 6, 2011, petitioner pled true to a motion to revoke community supervision and was sentenced to ten years imprisonment. Petitioner did not file a direct appeal. On March 21, 2013, petitioner filed a state application for habeas corpus relief. His application was denied without written order on August 28, 2013. Petitioner filed this federal habeas corpus petition on July 28, 2014. Respondent filed a motion to dismiss the petition as time barred on November 26, 2014.

## II.
## PETITIONER'S ALLEGATIONS

Petitioner contends the State of Texas is holding him in violation of the Constitution and laws of the United States because his counsel provided ineffective assistance by failing to investigate and advising petitioner to plead guilty to offenses he did not commit.

## III.
## THE PETITION IS NOT TIMELY FILED

### A. Time Limitations

Petitioner filed his section 2254 petition after the April 24, 1996 effective date of the Anti-Terrorism and Effective Death Penalty Act of 1996 (AEDPA). The pertinent provision of that statute states:

> A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –
>
> (A)   the date on which the judgment became final by the conclusion of direct

review or the expiration of the time for seeking such review;

28 U.S.C. § 2244(d)(1). Title 28 U.S.C. § 2244(d)(2) further provides:

> The time during which a properly filed application for State post-conviction or
> other collateral review with respect to the pertinent judgment or claim is pending
> shall not be counted toward any period of limitation under this subsection.

### B.  The Time Line in Petitioner's Case

Under Texas law, a defendant placed on probation or "regular" community supervision may
raise issues relating to the conviction, only in appeals which are taken when community supervision
is originally imposed. *Manuel v. State*, 994 S.W.2d 658, 662 (Tex.Crim.App. 1999) (citations
omitted). Therefore, petitioner had thirty (30) days in which to file a Notice of Appeal initiating a
direct appeal of the "Judgment of Conviction by Court; Community Supervision" entered by the state
trial court on September 10, 2007. *See* Tex. R. App. P. 26.2(a)(1). Petitioner, however, failed to do
so, and in fact never appealed his initial conviction. Therefore, petitioner's judgment became final
upon the expiration of the time period in which to file Notice of Appeal, or October 10, 2007.

Pursuant to 28 U.S.C. § 2244, petitioner was afforded one year from October 10, 2007, until
October 10, 2008, subject to any applicable tolling, to file a federal application for a writ of habeas
corpus. *Cf. Caldwell v. Dretke*, 429 F.3d 521 (5th Cir. 2005) (an order of straight probation is a final
judgment for purposes of the AEDPA 1-year statute of limitations). Petitioner filed his state petition
for habeas relief on March 21, 2013, well after the expiration of the 1-year time period. While state
applications toll the period for filing a federal application, petitioner's state application was not filed
until after the federal limitations period had already run. Consequently, petitioner's state habeas
application did not toll the statute of limitations.

Additionally, petitioner has failed to present any explanation as to why he filed his federal

petition after the expiration of the AEDPA limitations period.  The Court notes there is nothing in petitioner's case indicating equitable tolling is warranted.  *See Hardy v. Quarterman*, 577 F.3d 596, 598 (5th Cir. 2009).  Additionally, petitioner has not indicated why any statute other than 28 U.S.C. § 2244(d)(1)(A) is applicable to his case.  Under traditional AEDPA guidelines, established in 28 U.S.C. § 2244(d)(1)(A) and without the allowance of equitable tolling, the instant petition is time barred and should be dismissed.  *See* 28 U.S.C. § 2244(d)(1)(A).

Petitioner's actual innocence claim fails to toll the statute of limitations.  Petitioner does not base this claim on the discovery of new evidence.  Rather, he contends he is actually innocent because he was in jail for a portion of the time he was alleged to have been engaged in organized criminal activity.  This is information petitioner should have been aware of at the time of the initial conviction in 2007, and thus cannot be newly discovered under 28 U.S.C. § 2244(b)(2)(B).

A time-barred petitioner can raise an actual innocence claim on federal habeas review only if that petitioner falls within the "narrow class of cases . . . implicating a fundamental miscarriage of justice."  *See Schulp v. Delo*, 513 U.S. 298, 314-15, 115 S. Ct. 851, 861, 130 L. Ed. 2d 808 (1995).  Petitioner asserts nothing indicating he falls within this narrow class.  Petitioner's primary contention, that he could not have participated in the organized criminal activity conspiracy because he was in jail for part of the time the conspiracy is alleged to have been ongoing, does not prove petitioner's innocence.  Section 71.02 of the Texas Penal Code does not require an accused to be engaged in the conspiracy for the entire run of such conspiracy, it merely requires the accused "commit one or more" of a list of offenses "with intent to establish, maintain, or participate in a combination or in the profits of a combination, or as a member of a criminal street gang."  Tex. Penal Code § 71.02.  Petitioner does not claim to have not been involved in the conspiracy at all,

rather he claims to have participated in only one criminal act, with only *some* members of the conspiracy. This does not establish petitioner's innocence. Participation in the one criminal act, theft of "a four wheeler and some camping gear," was sufficient to convict petitioner under the statute. Accordingly, it is the opinion of the undersigned Magistrate Judge that petitioner's federal habeas application be dismissed as time barred.

## IV.
## RECOMMENDATION

It is the RECOMMENDATION of the United States Magistrate Judge to the United States District Judge that the Petition for Writ of Habeas Corpus by a Person in State Custody filed by petitioner DUSTIN DEAN DANN be DISMISSED as time barred.

## V.
## INSTRUCTIONS FOR SERVICE

The United States District Clerk is directed to send a copy of this Report and Recommendation to each party by the most efficient means available.

IT IS SO RECOMMENDED.

ENTERED this _____ 9th _____ day of January 2015.

CLINTON E. AVERITTE
UNITED STATES MAGISTRATE JUDGE

## * **NOTICE OF RIGHT TO OBJECT** *

Any party may object to these proposed findings, conclusions and recommendation. In the event parties wish to object, they are hereby NOTIFIED that the deadline for filing objections is fourteen (14) days from the date of filing as indicated by the "entered" date directly above the signature line. Service is complete upon mailing, Fed. R. Civ. P. 5(b)(2)(C), or transmission by electronic means, Fed. R. Civ. P. 5(b)(2)(E). **Any objections must be filed on or before the fourteenth (14th) day after this recommendation is filed** as indicated by the "entered" date. *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b)(2); *see also* Fed. R. Civ. P. 6(d).

Any such objections shall be made in a written pleading entitled "Objections to the Report and Recommendation." Objecting parties shall file the written objections with the United States District Clerk and serve a copy of such objections on all other parties. A party's failure to timely file written objections to the proposed findings, conclusions, and recommendation contained in this report shall bar an aggrieved party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings, legal conclusions, and recommendation set forth by the Magistrate Judge in this report and accepted by the district court. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996); *Rodriguez v. Bowen*, 857 F.2d 275, 276-77 (5th Cir. 1988).